**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

_Jacksonville_ Division

**CIVIL RIGHTS COMPLAINT FORM**
_Second Amended Complaint_

CASE NUMBER: _____
(To be supplied by Clerk's Office)

_Robert J. Briggs_

3:13-cv-212-J-99 TJC-MCR

(Enter full name of each Plaintiff and
prison number, if applicable)

v.

| | |
|---|---|
| _Robert D. Hancock (c.o.)_ | _Catherine B. Allin (sr. H.S.A.)_ |
| _Aaron E. Cobb (c.o.)_ | _Cathy Griffin (s.L.P.N.)_ |
| _Joseph F. Allen (LT.C.O.)_ | _John Doe_ |
| _Doctor G.A. Espino (M.D.)_ | _Jane Doe_ |

(Enter full name of each Defendant.
If additional space is required, use the
blank area directly to the right).

_____ /

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.     PLACE OF PRESENT CONFINEMENT: _Robert J. Briggs Charlotte Correc-_
       (Indicate the name and location)
_Tional 33123 Oilwell Rd. Punta Gorda Fla. 33955_

II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES: **Exhaustion of administrative remedies is**
       **required prior to pursuing a civil rights action regarding conditions or events in any prison, jail,**
       **or detention center.  42 U.S.C. § 1997e(a).  Plaintiff is warned that any claims for which the**
       **administrative grievance process was not completed prior to filing this lawsuit may be subject**
       **to dismissal.**

III.   PREVIOUS LAWSUITS:

A.  Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?   Yes ( )   No (✓)

B.  Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?   Yes (✓)   No ( )

C.  If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.  Parties to previous lawsuit:

Plaintiff(s): *Robert J. Briggs*

Defendant(s): *Robert D. Hancock ; Aaron E. Cobb; Joseph F. Allen; G.A. Espino ; Catherine B. Allin, Cathy Griffin; John Doe ; Jane Doe*

2.  Court (if federal court, name the district; if state court, name the county):

*U.S. Middle District, Jacksonville Division*

3.  Docket Number: *3:11-cv-173-J-34 JRK*

4.  Name of judge: *Marcia Morales Howard*

5.  Briefly describe the facts and basis of the lawsuit: *1983 ; excessive use of force, denial of medical care, conspiricy to cover up the beating*

6.  Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

*Dismissed without prejudice*

7.  Approximate filing date: *Febuary 22nd 2011*

8.  Approximate disposition date: *March 17th 2011*

D.  Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

identify these suits below by providing the case number, the style, and the disposition of each case: _____

*No*

_____

_____

_____

IV.   PARTIES:  In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: *Robert James Briggs*

Mailing address: *Charlotte Correctional 33123 Oilwell Road Punta Gorda Florida 33955*

B.   Additional Plaintiffs: _____

*None*

_____

In part C of this section, indicate the **full name** of the first named Defendant.  Also, fill in his or her mailing address, position, and where he or she is employed.  For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant: *Robert D. Hancock*

Mailing Address: *Suannee Correctional Ins. (S.C.I.) 5964 U.S. Highway 90 Live Oak Florida 32060*

Position: *Correctional Officer*

Employed at: *Florida Department of Corrections*

D.   Defendant: *Aaron E. Cobb*

Mailing Address: *Unknown at This Time*

_____

Position: Correctional Officer

Employed at: Fla. Dept. of Corrections, 501 S. Calhoun
St. Tallahassee Fl. 32399

E. Defendant: Doctor G.A. Espino
mail Address: Florida State Prison, (F.S.P.) 7819 N.W.
228th St. Raiford Fla. 32026

Position: Medical Doctor

Employed at: Florida Dept. of Corrections, 501 S. Calhoun St.
Tallahassee Fl. 32399

F. Defendant: Joseph F. Allen
mail Address: Union Correctional Ins. (U.C.I.) 7819 N.W.
228th St. Raiford Fla. 32026

Position: Lieutenant Correctional Officer

Employed at: Fla. Dept. of Corrections   501 S. Calhoun
St. Tallahassee Fla. 32026

G. Defendant: Catherine B. Allin
mail Address: Unknown at this time

Position: Senior Health Service Administator (Sr.H.S.A.)

Employed at: Fla. Dept. of Corrections, 501 S. Calhoun
St. Tallahassee Fla. 32399

H. Defendant: Cathy Griffin
mail Address: Union Correctional Ins. (U.C.I.) 7819 N.W.
228th St. Raiford Fla. 32023

Position: Nurse (S.L.P.N.)

Employed: Fla. Dept. of Corrections at Union
Correctional Ins. (U.C.I.) 501. S. Calhoun
St. Tallahassee Fla. 32399

-4-

I. Defendant : John Doe

mailing Address : Union Correctional Ins. (U.C.I.) 7819 N.W. 228Th ST. Raiford Fl. 32026,

Employed at : Fla. Department of Corrections

Position : Correctional Officer / Nurse


J. Defendant : Jane Doe

mailing Address : Union Correctional Ins. (U.C.I.) 7819 N.W. 228Th ST. Raiford Fl. 32026,

Employed at : Florida Department of Corrections

Position : Nurse at Union Correctional

V.    STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. **Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.**

First Cause of Action

The defendants (Robert Hancock and Aaron Cobb) in This action, acted at all Times, under Color of law. The violation, "The Beating of The Plaintiff", "excessive use of force", violated The Plaintiff's constitutional Rights, To be free from harm.

(continued on page-8-)

VI.   STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1.    Name and position of person(s) involved.
2.    Date(s).
3.    Place(s).
4.    Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.    Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

1) On Febuary 23rd 2009, at Union Correctional Institution, Raiford Florida, 2 Correctional Officers, Robert Hancock and Sargent Charles Combs, did a cell search of The Plaintiff's housing unit M-103.

2) The Plaintiff was housed in M-dorm, which is a medical Dorm for The handicap.

3) A snitch letter was sent To Lieutenant Allen Stating That the Plaintiff had a weapon.

4) Officer Hancock and Combs conducted The Search.

(continued on page 11)

VII.   <u>Relief Requested</u>

WHEREFORE, The plaintiff requests That The court grant The following relief:

A.) <u>Issue a declaratory judgment stating That:</u>

1) The physical abuse, The excessive use of force, of The plaintiff by defendants, Robert D. Hancock and Aaron E. Cobb, violated The Plaintiff's rights under The 8th Amendment To The U.S. Constitution and constituted an Assault and Battery under State Law

2) Defendant, Joseph F. Allen, failure to Take action To curb The phyical abuse of prisoners, under his command, instead of encouraging The Attacks, violated The plaintiff's rights under The 8th Amendment of The U.S. Constitution, To be free from harm. Constituded an Assault and Battery under State law.

3) Defendant's Cathy Griffin and Doctor G.A. Espino; John Doe and Jane Doe, and Catherine B. Allin, actions in failing To provide adequate medical care for The Plaintiff's serious medical needs, violated, and continued To violate The Plaintiff's rights under The 8th and 14th Amendment of The U.S. Constitution.

- 6 -

4) The Defendents, Robert D. Hancock; Aaron E. Cobb; Joseph F. Allen, in a conspiracy Action for participating in covering up a beating and not interfering with stoping The beating. Violated The Plaintiff's rights 8th and 14th Amendment Due Process Clause and retaliate against The plaintiff.

5) The Defendant's Cathy Griffin; Jane Doe; and John Doe, in a conspiracy Action for participating in filing false documents and denying The

(continued page 26)

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this  8th  day of January ,2014.

*Robert J. Briggs*

Robert J. Briggs

(Signatures of all Plaintiffs)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on: the  8th  day of  January  , 2014.

## First Cause of Action Continued

This constituted, "_Cruel and Unusual Punishment_", under the 8th Amendment of The U.S. Constitution. Because of The defendant's actions, The Plaintiff suffered physical injury, with sever pain and emotional injury, caused by The beating from Hancock and Cobb. Therefore The Plaintiff is entitled for relief.

The Florida Administration Rules were designed To Protect The Plaintiff's Constitutional laws. Florida Rules of Administration, Chapter 33-208.002(8); (12); (14) and (19) Rules of Conduct. (No employee shall willfully or negligently treat an inmate in a cruel or inhuman manner or apply physical force To The person in his/ her care. Hancock and Cobb violated The Plaintiff's right by committing a Assault and Battery against The Plaintiff. (Fla. stat. § 944.35(3)(a).

## Second Cause of Action

The defendant, Joseph F. Allen, acting under color of law at all Times, Directed, Hancock and Cobb, To beat The Plaintiff, (Lieutenant Allen, the commanding Officer,) gave an order, a common practice there at U.C.I. The plaintiff's Constitutional rights were violated, through excessive use of force. Which resulted in physical and emotional injury, cause by the LT. Allen actions, which violated The plaintiff's rights To be free from cruel and unusual punishment, under the 8th Amendment to The U.S. Constitution. Because of LT. Allen command, The Plaintiff suffers physical and emotional harm. The LT. also violated The Florida Department of Corrections, Administra-

-8-                                    (continued)

## Second Cause of Action Continued

Tion Rules, Chapter 33-208.002(8); (12); (14) and (19). which is put in place To Protect The Plaintiff's constitutional Rights. Because of The defendant's Actions, The Plaintiff is entitled for relief.

## Third Cause of Action

The defendant, Nurse Cathy Griffin; Senior Health Service Administrator Catherine B. Allin; Doctor G.A. Espino; Jane Doe and John Doe, at all Times acted under color of law, displayed deliberate indifferance, Towards Plaintiff's serious medical needs, by refusing To help Treat badly needed medical attention, violating The plaintiff U.S. constitutional Rights under The 8th Amendment, which Constituted, cruel and unusual punishment, by delaying medical treatment. The Plaintiff suffered a lot of pain from the negligence actions of The defendants. The Plaintiff suffered a head injury, a concussion, 2 fractured Ribs, Torn ligiment in his right knee, and emotional injury still accuring, because of The Beating from Hancock and Cobb. The Plaintiff has a liberty interest, in bodily integrity by reason of Assualt, A violation of The Plaintiff's due process rights under The 8th 14th Amendment of the U.S. Constitution which resulted in The deprivation of a protected Liberty interest. The Plaintiff has suffered excariating Pain for weeks, months and years. Because of The Defendants actions, The Plaintiff is entitled for relief

(Continued)

-9-

# Forth Cause of Action

The Defendants, Robert D. Hancock; Aaron E. Cobb; Joseph F. Allen and John Doe, All Correctional Officers for The Florida Department of Corrections. Nurse Cathy Griffin, Confinement personnel Jane Doe and John Doe, Acted under color of state law, at all Times here mention. Violating The Plaintiff's Constitutional Rights, by conspiring with each other The fact That The Plaintiff was beaten by Correctional Officers, To cover up badly needed medical injures, by not processing The paper work which was submitted To Personnel for medical attention by The Plaintiff, His cries for help ignored. This is a protected liberty interest under The U.S. Constitution, The right for medical Treatment. The excessive use of force not documented, Constituted cruel and unusual punishment, Violation of The Plaintiff's due Process Rights, and equal Protection clause, under The 8th and 14th Amendment of The U.S. Constitution. Because of The Defendants Actions The Plaintiff is entitled for relief.

## STATEMENT of facts Continued

5) The search only lasted 5 minutes.

6) Officer Hancock escorted The plaintiff To The sally-port. where Lieutenant Allen was already waiting.

7) Officer Hancock Then shows The Lieutenant a object which he called a home made weapon, and found it under The Plaintiff's locker.

8) Lieutenant Allen, asked The Plaintiff about This weapon,

9) The Plaintiff denies Knowing anything about That object, stating it wasn't his.

10) The Lieutenant using profound language, cussing at the Plaintiff, Telling him, he's a lier.

11) The lieutenant stated he got a snitch letter stating that the Plaintiff had a weapon.

12) The lieutenant Then hand cuffs and schackles The Plaintiff

13) The lieutenant Knods his head and points to his office and Told Officer Hancock, "you Know what To do".

14) That statement was an order, "collution" a special policy and practice, Taught To The Officers, by the institution (see exhibit C, Florida Legal Prison News)

15) Officer Hancock Then escorts The Plaintiff, in handcuffs and schackles, from D-area To B-area.

16) B-area is where The lieutenant's office is.

17) Next To The lieutenant's office is a Lunch / snack room for the employee's.

18) Officer Hancock takes the plaintiff to B-area, a room next to the Lieutenant's office.

19) Officer Hancock then punches the plaintiff, in the side of his head.

20) The plaintiff's glasses got broken.

21) The plaintiff falls against the table and then to the floor, still handcuffed and schackled.

22) The plaintiff not being able to cussion the fall, hits the floor hard.

23) Officer Hancock, cussing at the plaintiff, get up.

24) Officer Hancock, then began kicking and stomping the plaintiff, get up, you 7#@ .

25) the plaintiff being over 50 years old and a disable person, could not get up, being handcuffed.

26) the plaintiff taking the full impact of each blow, each kick, each stomp, to the head, the ribs, the legs, unable to protect himself.

27) Officer Hancock then snatches the plaintiff from the floor, throws him against the wall, kneeing him is the stomach.

28) Officer Cobb, now enters the room, stating, let me have a piece of him. Officer Cobb, surely didn't intervine or stop Officer Hancock,

29) Officer Hancock then grabs the plaintiff and tosses him to office Cobb.

30) Officer Cobb now begins to punch, kick and kneed the plaintiff.

31) Officer Hancock just stood and watched, not intervining or stopping Officer Cobb,

32) Officer Cobb Then Tosses The Plaintiff against The wall, rams him with his body. The Plaintiff Taking The full impact.

33) Officer Cobb Then Tosses The Plaintiff back To Officer Hancock, To where Officer Hancock hits The Plaintiff over and over again.

34) Officer Hancock Then Tosses The Plaintiff back To Officer Cobb, using The Plaintiff as a punching ball.

35) The Plaintiff in a lot of pain, confused, exhausted, about To pass out because of The beating he had Taken, from Officer Hancock and Cobb.

36) Officer Hancock now leaves, Officer Cobb is now gaurding The beaten up Plaintiff.

37) Officer Cobb staring To The Plaintiff, "nothing happen here right, or do you want some more."

38) Now a Third Officer, <u>John Doe</u>, comes to escourt The Plaintiff To The hospital for a pre-confinement exam. Officer Cobb leaves.

39) From B-area To The hospital is about a 5 minute walk, U.C.I has a hospital on The compound.

40) It Took The Plaintiff over 30 minutes, stopping a dozen Times because of The pain he was in. The escorting Officer would not call for a wheel chair.

41) Upon arriving at The Hospital, Nurse Griffin was on duty.

42) Nurse Griffin, Knows The Plaintiff, because of The Job assigned To The Plaintiff, "Impaired inmate Assistant."

43) The Plaintiff and nurse Griffin, never had any problems concerning his job.

44) Nurse Griffin realized that the plaintiff was not wearing his glasses, and asked him, "where are your glasses?"

45) The Plaintiff told her there in that bag, that they got broken when the Officer hit him several times in the head.

46) Nurse Griffin took the Plaintiff's broken glasses, and walked away.

47) You could see and hear the Plaintiff's answers as the pain he was experiancing was excurciating, and had trouble talking.

48) The Plaintiff tried to tell Nurse Griffin that he was beaten by 2 Officers, as she walked away, mumbling something under her breath.

49) Nurse Griffin had to of seen the terror in the Plaintiff's eyes, as well as the bruises.

50) Nurse Griffin never returned to give the plaintiff a preconfinement exam.

51) Nurse Griffin didn't want to do a incident report on the Plaintiff being beaten by Officers.

52) Nurse Griffin showed Nepotism, towards her fellow - co-workers.

53) Nurse Griffin acted with deliberate indiffence to the Plaintiff's serioes medical needs.

54) Because of Nurse Griffin actions the plaintiff suffered for a longer period of time. The plaintiff could had died from his head injuries.

55) A call came over The officer's radio. Officer John Doe, Then Told The plaintiff lets go.

56) The Plaintiff asked about The exam, and The Officer Told him, He was finished. Off To confinement They went, With out an exam and with out see a doctor.

57) Upon arriving at confinement, Now about 11:00 A.M. The Plaintiff was placed in a cell with no matt. For over 3 days no matt.

58) By now The Plaintiff is in excruciating Pain, head pounding as he slipped in and out of Consciousness.

59) The Plaintiff couldn't eat any meals for 3 days, because The Plaintiff was hurting so badly, (Head pounding, his Jaws very sore, his ribs hurting.)

60) At Confinement on Febuary 23rd 2009, The Plaintiff Tried To Talk with The Officer on duty. The plaintiff wanted to see a nurse. The Officer Told him to get off The door. "He was ignored."

61) The Plaintiff tryed To get The nurse's attention (Jane Doe) and again was ignored. The Plaintiff cries for some medical attention.

62) The Plaintiff Tells The officer he needs to see a nurse. The reply, fill out a sick call slip.

63) The Plaintiff asked for a sick call slip. No one brought him one.

64) The Plaintiff got a sick call slip from The inmate next door. The Plaintiff fills out The sick call slip and places it in The door for pick up.

65) On Febuary 24th 2009, Officer John Doe, calls for sick call. The Plaintiff wasn't Taken. When

asked about sick call, The Officer Told The Plaintiff he wasn't on The list.

66) The Plaintiff tried to tell The Officer that he needed medical attention, that he had a hard time breathing and couldn't eat. He was told to fill out a sick call slip. The Plaintiff then asked for one. He never got one.

67) The Plaintiff was ignored all day, No nurses would talk to him. Officers Threating him to get off the #7## door, or I'll spray you.

68) The Plaintiff still in excurciating pain, got no shower that night. Other inmates got one.

69) The Plaintiff got another sick call slip from the guy across The hall. Filled it out and placed it in the corner of The door for pick up.

70) Febuary 25th 2009, sick call anounement, again The Plaintiff wasn't on the list. The Officer on Duty John Doe Told The Plaintiff to get off The door

71) The Plaintiff tried to declare a medical emergency. The Officer looks at The Plaintiff and says "you look just fine to me" and walked off

72) The Plaintiff is now convinced, That his sick call slips are being Trashed, That no officer, no nurses are going to pay any attention to The Plaintiff or his badly needed medical treatment. It's as if They were all told to ignored The Plaintiff, a Conspiricy has Bloomed.

73) the next several Day's were no different. The Plaintiff cries for medical help, and every one ignores him.

74) On March 6TH 2009, The Plaintiff, put in for a sick call, This time he held onto The pink portion. Placed it in The door for pick up.

75) On March 7TH 2009, The Plaintiff was not called for sick call.

76) When The Plaintiff asked about why They were not calling him for sick call, The Officer responded, You have to fill out a sick call slip, Then laugh about it.

77) On March 13TH 2009, The plaintiff files a informal grievance To medical, hoping To get some relief, (see exhibit D, dated 3-13-09).

78) Health Services got That Grievance on March 18TH 2009, Assigned To, C.B. Allin for an answer. Ms. Allin waited "over 3 weeks" To answer The Plaintiff cry for medical Attention. (see exhibit D).

79) The Plaintiff's cries for medical attention, That The Officers and nurses were ignoring him, That he had Trouble breathing and no one cares.

80) The Plaintiff also said he had filled out 3 sick call slips and still being ignored.

81) The Plaintiff had a head injury, a concussion, That he couldn't eat because his head hurt To much.

82) That The nurses and Officers were ignoring his cries for medical Attention.

83) The Grievance To medical, To Ms. C.B. Allin, was enough evidence To show That immediate attention was necessary, That The Plaintiff meeded medical attention " NOW".

84) Ms. Allin should have sent a medical personnel To see what The problem was. Why was The Plaintiff being ignored.

85) Ms Allin deliberate indifference To The Plaintiff's serious medical injuries, by waiting over 3 weeks To respond (in writing) but didn't investigate The Problem of not recieving any medical Treatment.

86) Because of Ms Allin action she should be held responible and held accountable for The delay in doing nothing for The Plaintiff's, (see exhibit E, medical records, injury,)

87) On March 24ᵀʰ 2009, The Plaintiff sent a request To Mental Health, asking for help. That he was being ignored.

88) On March 26ᵀʰ 2009, A psychologist Ms. A. Hartley responded, she'll see him in a few days, (see exhibit B, dated 3-24-09.)

89) On March 28ᵀʰ 2009, The Plaintiff sign up for a nother sick call.

90) On March 29ᵀʰ 2009, The Plaintiff again was not on The list for sick call.

91) On April 1ˢᵀ 2009, The Plaintiff's renews his I-Bu-Proven by way of Sick call, hoping To see a doctor.

92) On April 2ⁿᵈ 2009, The Plaintiff sent a second request To Mental Health, Doctor Hartley and stated That The Plaintiff needed To Talk Too her, no matter what The Officers tell her, (see exhibit B, dated 4-2-2009).

93) On April 12ᵀʰ 2009, The Plaintiff sign up a gain for Sick call.

94) After April 7th 2009, Mental Health, Dr. Hartley, saw The Plaintiff for the first time. That's when The excessive use of force was documented.

95) Ms. Hartley reported the incident and The Nurse of duty was Nurse Bickel.

96) Ms. Bickel examined The Plaintiff, Now 7 weeks later, Nurse Bickel found no visual evidence to substantiate the Plaintiff complaints.

97) The Plaintiff explain to the nurse about his head injury and his ribs herting and his knee hurt. Ms. Bickel told The Plaintiff she will put in for him to see a doctor.

98) Sargent Salberry was present during the exam, Making jokes about the Plaintiff being beaten by Two other Correctional Officers.

99) The next day Sargent Salberry had witness a nother Officer, Trashing The Plaintiff cell, in retaliation from the Plaintiff complaint of officers beating him.

100) April 15th 2009, Nurse Bickel came to The Plaintiff's cell for sick call follow up. She asked a couple of Questions and left, Making her report That I refused vitals. (see exhibit D dated April 21st 2009, Grievance Answer.)

101) April 21st 2009, The plaintiff filed a grievance to the Warden about The lack of medical attention, That the medical staff was ignoring his cries for medical Treatment. (see exhibit D dated 4-21-2009, Grievance to Warden).



102) Here it is over two weeks and The Plaintiff hasn't seen a doctor. That Nurse Bickel said she put in for The Plaintiff to see a doctor, about his head injury, his Ribs and knee.

103) May 1ST 2009, The Plaintiff is released from confinement and returned back to population.

104) The Plaintiff's medical Passes had placed him back at M-Dorm (a medical Dorm for handicap).

105) May 3rd 2009, The Plaintiff put in for sick call and put in the sick call mail box in front of B-Dorm.

106) May 5th 2009, Went to sick call. The Plaintiff explained his medical Problems, The Nurse on duty refered The plaintiff to see a doctor.

107) May 5th 2009, The Plaintiff had a Job interview, I.C.T. While standing in line, An Officer, Sargent Lee approached The Plaintiff and asked to see his medical Passes. The Plaintiff hands The passes to him, Sargent Lee then left with The passes saying he'll be right back. He never returned. The sargent worked at The Hospital.

108) Sargent Lee had deliberately taken those passes, interfering with The Plaintiff's medical Treatment. Sargent Lee didn't have the authority to take those passes. Only the doctor can take away the medical passes. This was done in retaliation of The plaintiff's Abuse charges against Those Correctional Officers.

109) Sargent Lee had also gotten those passes off The Computer. They no longer existed. Vanished.

110) May 11th 2009, An answer from The Warden about The lack of medical Attention. (see exhibit D).

- 20 -

111) May 12th 2009, Medical Call out, To see The doctor, G.A. Espino on duty. The plaintiff explained That he was beaten, and his Ribs hurt when he breathed, his arm hurt, his knee hurt and he still had severe headaches. The doctor ordered x-rays.

112) On May 7 2009, Xrays were Taken of The Plaintiff's shoulder and chest, None of his knee.

113) On May 18th 2009, The Plaintiff files a informal grievance To medical about Sgt. Lee Taking his medical passes. (See exhibit F, dated 5-18-09.)

114) On May 25th 2009, The Plaintiff files a grievance To The secretary of D.O.C. About The lack of Medical treatment. (see exhibit D)

115) On May 28th 2009, Informal Grievance answered, by C.B. Allin, denied. She never address. The issue of Sgt. Lee Taking The Plaintiff's medical Passes. (See exhibit F, dated 5-18-09.)

116) On May 27th 2009, medical call out. The plaintiff got Two restriction for medical passes, Not The six restriction on The Plaintiff's prior passes.

117) On May 29th 2009, Lieutenant Turner Talked To The Plaintiff about his beating by Correctional Officers.

118) On June 4th 2009, Medical Call out. Dr. Nazareno on duty. The Plaintiff explained To The Doctor about his ribs not his chest. There must of been some kind of mistake. He ordered a second set of x-rays To be Taken

119) June 8th 2009, answer from The secretary

-21-

On Plaintiff grievance, Lack of Medical care.
(See exhibit D dated - Recieved 6-1-09)

120) June 8th 2009, The result's of the second
set of x-rays. Came back possitive for two
fractured ribs, (see exhibit E dated 6-4-09)

121) June 12th 2009, The plaintiff files a grievance
To The warden about sgt. Lee Taking The Plain-
tiff's medical Passes. (see exhibit F dated 6-12-09)

122) June 18th 2009, call out interview with an In-
spector, Kevin Snow. about The Plaintiff getting
beaten by Correctional Officers.

123) July 8th 2009, The warden answered The Plain-
tiff grievance about sgt. Lee Taking medical
passes, (see exhibit F dated 6-12-09).

124) July 16th 2009 - medical call out, Dr. G.A. Espino
on duty, Talked about The x-rays of the Plain-
tiff Ribs, 2 Fractured ribs.

125) The Doctor, G.A. Espino asked a few Questions
about The Plaintiff injuries, and how he can
Treat Them.

126) The Plaintiff explained That he was beaten by
2 Correctional Officers and an inspector by
name of Kevin Snow was investigating it.

127) From That Point on Doctor Espino's Attitude
had changed. And Told The Plaintiff That
There was nothing he could do. and To leave.
refusing To Treat The Plaintiff's other com-
plaints, Passes, Knee, (See exhibit F dated
July 23rd 2009)

128) On July 20th 2009, The Plaintiff did a sick call re-Quest. July 22Th 2009. He went To sick call. While waiting, Some one Canseled iT.

129) On July 20th 2009, The Plaintiff filed a grievance To The secretary of D.O.C. About Sgt. Lee TaKing The Plaintiff's medical Passes. (see exhibit F) dated

130) On July 23rd 2009. The Plaintiff signed up for another sick call, On July 24Th The plaintiff went To sick call, and again, some one is canseling Them, No one is seeing The Plaintiff.

131) On July 23rd 2009, The Plaintiff files a grievance of Reprisal, against Dr. Espino and medical staff for refusing To Treat The Plaintiff's medical injures, (see exhibit F dated 7-23-09 Reprrisal)

132) On July 28th 2009, The Plaintiff does a Third sick call request. This one is accepted and referred To see a doctor.

133) On August 13th 2009, The warden denied The Plain-Tiff's grievance of Dr. Espino refusal To Treat his medical injuries. (see exhibit F dated 8-12-09)

134) On August 17th 2009, The plaintiff files a grievance To The Secretary of D.O.C. about Dr. Espino refusing To Treat The plaintiff. IT was a whole week be-fore The Grievance board stamped recieved on August 24Th 2009. The grievance was denied on November 4th 2009. Dr. G.A. Espino is now Trans-fered To another institution. (see exhibit F dated)

-23-

135) On September 28th 2009, Plaintiff request a sick call, Trying To get Them To address his Knee injury.

136) On December 14th 2009, Plaintiff request yet a nother sick call, Trying to get relief from his knee.

137) IT Took over a year for The Plaintiff To get some relief for his knee injury. Delay's - Delay's.

138) On Febuary 9th 2010, medical request, wanting To see a doctor. The plaintiff can'T see a doctor unless referred by The nurse. The Plaintiff is being denied. (see exhibit B, dated 2-9-10.)

139) On March 3rd 2010, The Plaintiff grived The fact of not renewing "All of The plaintiff's previous medical passes, with out a doctor and exam. Denied by J. Hewett, Health Administrator, return on 3-11-10.

140) On March 8th 2010, The plaintiff filed a informal Grievance on Nurse Rossin, for determining on her own what passes should The Plaintiff have, she didn'T write down all of his resrriction on his previous passes. (ALL part of reprisal). The Grievance was denied on March 19th 2010 by Ms. Dewoody (SRNS) didn'T address The issue.

141) On March 20th 2010, The plaintiff filed a grievance To The Warden about not reNewing all of The Plaintiff's medical passes, with out a full exam, by a doctor. Denied on 4-7-10 see exhibit , Dated

142) On March 26th 2010, Sick call referal for The plaintiff's medical Passes, They renewed most of Them.

-24-

143) On November 3rd 2010, - Plaintiff request a sick call, he was referred To see a doctor. A new doctor. Dr. Rodriguez. The Plaintiff explains To him his problems, about The staff ignoring his complaints. The Plaintiff explains To The doctor about a beating, and medical is giving him a hard Time about his ailments. Dr. examines his Knee, Nothing visible, bends it, it crack's. The Doctor Then orders x-rays and a M.R.I. of The Plaintiff's Right Knee.

144) On Febuary 2011, Medical Call out. Dr. Rodriguez Talk's about The Plaintiff's Knee. The M.R.I. came back Possitive, for Torn ligiments. Cause by The beating That happened 2 years ago. The Plaintiff suffered for over 2 years. Because Medical staff and Officers Tried To cover up a beating.

145) On Febuary 25th 2011, The Plaintiff had his Knee Operated on, To repair The Torn ligiments.

146) The Plaintiff had To go to Sick call every day for about a week To check on his Knee. On 2 of Those occations. Nurse Griffin had To view and document The Plaintiff's progress. Ms. Cathy Griffin had a nasty attitude Towards The Plaintiff, because she was involved in The cover up of The Plaintiff's beating.

147) Nurse Griffin had also Threaten The Plaintiff To have him locked back up in Confinement. If he continued To pursue These issues.

148) In march of 2011 The Plaintiff sends a request To The Warden (Mr. Reddish). stating That a law suit was filed against his staff.

149) In June of 2011, The Plaintiff was Transferred To another Institution. (charlotte Correctional Ins,)

## Relief Requested Continued.

Plaintiff medical care, violated The Plaintiff's 8th and 14th Amendment of The U.S. Constitution, Due Process Clause, on Plaintiff's protected liberty interest, Equal Protection. and continued to violated by ignoring his serious medical needs.

## B.) Award Compensatory Damages

1.) $100,000.00 against each Defendant, Hancock, Cobb, Allen, for The physical and emotional injuries sustained as a result of The Plaintiff's beating.

2) $100,000.00 against each Defendant, Espino, Griffin, Allin, Jane Doe and John Doe, for The physical and emotional injury resulting from Their failure To provide adequate medical care To The plaintiff,

3) $50,000.00 against each Defendant, Hancock, Cobb, Allen and Griffin, Jane Doe and John Doe, for The punishment and emotional injuries, from The conspiracy To cover up The Plaintiff's beating and falsifing Documents.

(continued →)

## Relief Requested Continued

C.) <u>Award Punitive Damages</u>

1) $25,000.⁰⁰ against each Defendant, Hancock, Cobb, Allen, Espino, Griffin, Allin John Doe and Jane Doe.

D) To Grant such other relief That This Honorable court deems proper.

Respectfully Submitted

Robert J. Briggs